**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:00 AM March 19, 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 12-62741 |
| ROBERT ALLEN ZORNS and | ) | |
| ANNISA SUE ZORNS, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

Now before the Court is Debtors' amended motion for reconsideration, filed on December 27, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

On November 6, 2012, Debtors filed an amended motion to avoid the lien of Thomas J. Yanchar ("Yanchar"). Yanchar filed a brief in opposition to the amended motion to avoid the lien on November 26, 2012. On December 17, 2012, the Court held a hearing on the amended motion to avoid lien. Bryan Carr, representing Yanchar, appeared personally. Debtors and their counsel

1

failed to appear. On December 20, 2012, the Court entered an order denying the amended motion to avoid lien.

On December 27, 2012, Debtors filed an amended motion to reconsider the denial of the amended motion to avoid lien. Yanchar filed a brief in opposition to the amended motion to reconsider on January 3, 2013. Debtors filed a reply on January 4, 2013. On February 4, 2013, the Court held a hearing on the amended motion to reconsider.

While Debtors' amended motion to reconsider fails to state any basis to grant the motion, at the hearing, Debtors' counsel argued that the Court can grant the amended motion to reconsider pursuant to Fed. R. Civ. P. 60(b)(1) for excusable neglect. He stated that his e-mail service was down for several days, including on the dates when he would have received Yanchar's reply to the amended motion to avoid lien and the notice of hearing. Yanchar argued against reconsideration of the amended motion to avoid lien on the basis that the amended motion to avoid lien was properly denied based on the merits. Following the hearing, the Court took the amended motion to reconsider under advisement.

## LAW AND ANALYSIS

Fed. R. Civ. P. 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." In the Sixth Circuit, it is in the discretion of the court to grant a motion to set aside a judgment. Miller v. Owsianowski (In re Salem Mtg. Co.), 791 F.2d 456, 459 (6th Cir. 1986).

Factors to be considered when addressing a Rule 60(b) motion are summarized as follows:

> Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims. The countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice. Roberts v. Rehoboth Pharmacy, Inc., 574 F.2d 846, 847-48 (5th Cir. 1978); Fackelman v. Bell, 564 F.2d 735, 735-36 (5th Cir. 1977). The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt, or contumacious conduct. Hassenflu v. Pyke, 491 F.2d 1094, 1095 (5th Cir. 1974).

Salem Mtg. Co., 791 F.2d at 459-60.

In the instant matter, a decision on the merits of Debtors' amended motion to avoid lien was not made. Rather, the amended motion to avoid lien was denied due to counsel for Debtors' failure to appear at the hearing without consideration of the merits. Counsel's failure to appear was due to the failure of his e-mail service for several days during which he would have received

notice of Yanchar's brief in opposition and the notice of hearing. This was a simple technical error and it should not deprive Debtors of the opportunity to present the true merits of their amended motion to avoid lien. There is no evidence that counsel for Debtors intended to delay the proceedings or engaged in any contumacious conduct. Further, there is no evidence that Yanchar will be prejudiced by allowed the amended motion to avoid lien to be decided on its merits.

Accordingly, the Court will grant Debtors' amended motion to reconsider. Due to the inconvenience caused to Yanchar and his counsel, the Court will order Debtors' counsel to pay $225.00 payable to the order of L. Bryan Carr to reimburse Yanchar for his attorney's fees. This payment must be made within fourteen (14) days from the entry of this memorandum of opinion. Upon receipt of proof of payment, the Court will grant the amended motion to reconsider.

An order will be entered simultaneously with this opinion.

# # #

**Service List:**

John C O'Donnell, III
10 W Newlon Place
Mansfield, OH 44902

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, OH 44124