**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:02 PM September 19, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| ROBERT ALLEN ZORNS AND | ) CASE NO. 12-62741 |
| ANNISA SUE ZORNS, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On November 6, 2012, Debtors moved to avoid a judgment lien held by Thomas Yanchar under 11 U.S.C. § 522. Mr. Yanchar contests the motion. Both parties filed briefs in support of their positions and the dispute is now before the court for decision.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The facts are not run-of-the-mill. The following are the undisputed facts.

1

In December 2007, Mr. Yanchar obtained a cognovit judgment against Debtors in the Cuyahoga County Court of Common Pleas. The judgment was against Mr. Zorns individually on the first count, $11,052.26 plus interest at 17.24% annually from December 3, 2007, and against Debtors jointly on the second count, $22,646.52, plus interest at a rate of $178.75 per month, plus the costs of the action. Mr. Yanchar filed a judgment lien in Crawford County on July 9, 2012.

On April 4, 2012,[1] Debtors were grantees under a quit-claim deed for property bearing the address of 1786 S.R. 98, Bucyrus, Crawford County, Ohio, their residence. The grantors under the deed were Kenneth E. Musselman and Debra K. Musselman. The consideration for the transfer was "love and affection." The deed indicates that "the land contract recorded on August 21, 2009 . . . is hereby completed." (emphasis omitted) At the time of the transfer, the property was subject to a mortgage in favor of Farmers Citizen Bank ("Farmers").

The Musselmans obtained the mortgage against the property in 2004. In 2011, they filed a chapter 7 case and were discharged. They did not reaffirm the debt on the mortgage and their Statement of Intention indicates surrender of the property.

Debtors are not personally liable on the mortgage note. The mortgage lien, however, does attach to property they now own. When Debtors filed their chapter 7 case, they did not list the lien on Schedule D. However, on December 31, 2012, they amended Schedule D and included a debt to Farmers on the real estate in the amount of $106,000.00. Debtors claim exemptions totaling $43,250.00 under O.R.C. § 2329.66(A)(1a)(b) on the residence.

## DISCUSSION

Debtors seek to avoid Mr. Yanchar's judgment lien because it impairs their homestead exemption. 11 U.S.C. § 522(f). Since they seek to avoid the lien, they must demonstrate they are entitled to the relief by a preponderance of the evidence. In re Young, 471 B.R. 715 (Bankr. E.D. Tenn. 2012) (citing In re Loucks, 2012 Bankr.LEXIS 377, at *3 (Bankruptcy N.D. Ohio Jan. 27, 2012)). The formula to determine impairment is contained in § 522(f)(2)(A):

> the lien shall be considered to impair an exemption to the extent that the sum of –
>
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

---

[1] The deed was recorded on May 2, 2012.

Mr. Yanchar contends that Debtors' lack of personal liability on the mortgage removes it from consideration in the impairment calculation. Further, he challenges Debtors' ability to include it as a debt in their schedules. Interestingly, Mr. Yanchar cites the very case that holds to the contrary. In re Glance, 487 F.3d 317 (6th Cir. 2007). In Glance, the debtor filed a chapter 13 case and the trustee moved to dismiss, alleging debtor exceeded the debt limitations. The issue was whether two mortgage notes, executed solely by the debtor's non-filing spouse against property owned jointly by her and the debtor, should be included in the debt calculation. In answering the question affirmatively, the Sixth Circuit observed

> Glance does not have personal liability on the promissory notes but he continues to have *in rem* liability on the liens. Nor need the the debtor be personally liable on a claim for it to be valid; the Code provides that a "claim against the debtor" "includes [a] claim against property of the debtor." 11 U.S.C. § 102(2); *see* Johnson v. Home State Bank, 501 U.S. 78, 85 (1991).

Glance, 487 F.3d at 321. The court concluded that the appropriate question was

> whether the creditor has a "right to payment" or a "right to an equitable remedy," *see* 11 U.S.C. § 101(5), from the debtor (or his property) at the time the debtor filed his petition. The creditors here possessed such a right-as proved by the difficulty Glance would have faced if he had tried to sell the two property without first satisfying the banks' security interests.

Id. at 323. Under this authority, the court rejects Mr. Yanchar's position. Although Debtors are not personally liable on the mortgage, it does attach to their interest in property. Debtors took the property subject to the mortgage. Section 522(f) discusses "liens," which are defined as "charge[s] against or interest[s] in property to secure payment of a debt or performance of an obligation." A mortgage clearly qualifies as a lien. The court finds no basis for excluding the mortgage lien from either Debtors' schedules or the § 522(f) impairment calculation.

The court now turns to whether Mr. Yanchar's lien is an impairment to Debtors' homestead exemption. In spite of the fact that Debtors failed to provide convincing statements of the pertinent values, and did not follow the court's instructions for motions to avoid liens in chapter 7 cases as set forth in the December 21, 2005 memorandum, the court finds that the lien is avoidable.

Debtors introduced multiple values of the real estate. First, Debtors valued the property at $50,000.00 in their schedules. In their amended motion to avoid lien, they acknowledge that the Crawford County auditor values the property at $98,000.00 but contend this value was "assessed before the real estate market fell." Debtors then reference their purchase price of $82,000.00, which is not supported by the quit-claim deed. Attached to their brief in support of the motion is

3

a Gebhardt Auctions LLC appraisal dated July 23, 2013 valuing the property at $65,500.00. Debtors have now suggested five values with a $48,000.00 spread. Although Mr. Yanchar contends that the parties stipulated that the property was worth $90,000.00, the court finds no such stipulation in the record.

Debtors state the mortgage has a balance of $87,000.00. The amended schedules, filed on December 31, 2012, list a mortgage balance of $106,000.00. Even if the court employs the values that are most beneficial to Mr. Yanchar, thereby creating maximum equity in the property, the lien is avoidable. The § 522(f) calculations follow:

$33,698.78, plus applicable interest and costs
$87,000.00 mortgage
$43,250.00 exemption
$163,948.78
  98,000.00 Debtors' interest in property (using highest value, auditor's)
$65,948.78 impairment

Since the $65,948.78 impairment figure exceeds the full value of judgment lien, the judgment lien is avoidable in its entirety. *See, e.g.,* Brinley v. LPP Mortg., Ltd. (In re Brinley), 403 F.3d 415 (6th Cir. 2005). Debtors are therefore entitled to the relief sought in their motion.

A separate order will be entered immediately.

#    #    #

**Service List:**

L Bryan Carr
1392 SOM Center Rd.
Mayfield Hts., OH 44124

John C O'Donnell, III
10 W Newlon Place
Mansfield, OH 44902

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702