The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 02:15 PM November 8, 2013

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROBERT ALLEN ZORNS AND | ) | CASE NO. 12-62741 |
| ANNISA SUE ZORNS, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Thomas Yanchar, a creditor ("Creditor") in this chapter 13 case, seeks to extend the deadline to file a notice of appeal under Federal Rule of Bankruptcy Procedure 8002(c)(2). The motion is not opposed.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core matter.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

On September 19, 2013, the court entered an opinion finding that Creditor's judgment lien

1

against Debtor's residential real estate was avoidable under 11 U.S.C. § 522.   Under Federal Bankruptcy Rule 8002(a), Creditor had fourteen days to appeal but the deadline is subject to extension by Rule 8002(c).   Rule 8002(c)(2) states

> A request to extend the time for filing a notice of appeal must
> be made by written motion filed before the time for filing a
> notice of appeal has expired, except that such a motion filed
> not later than 21 days after the expiration of the time for filing
> a notice of appeal may be granted upon a showing of excusable
> neglect.   An extension of time for filing a notice of appeal other-
> wise prescribed by this rule or 14 days from the date of entry of
> the order granting the motion, whichever is later.

Creditor did not filed his motion before the appeal deadline ran, so he now proceeds under the excusable neglect provision.   His motion was filed within the twenty-one day period outlined in the rule.   Consequently, the court must consider whether excusable neglect warrants an extension.

Excusable neglect is described as a "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." In re Nat'l Century Fin. Enter., Inc., 2007 WL 912216, * 3 (S.D. Ohio 2007); Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 385 (citations omitted). This involves a two-step analysis, looking first at whether the late filing is the result of neglect, and then whether the neglect is excusable.  Allied Domecq Retailing USA v. Schultz (In re Schultz), 254 B.R. 149, 153 (B.A.P. 6th Cir. 2000) (citations omitted).   Because failing to abide by a deadline is at issue, the neglect prong is rarely at issue.  Id.; see also Schaffner v. U.S. Trustee, 2012 WL 2683320, * 3 (E.D. Ky. 2012) (admonishing that "judges must bear in mind that the rules contemplate that some neglect exists).   Consequently, the heart of the inquiry rests on whether to excuse the neglect.  See Duncan v. Washington, 25 F.3d 1047, 1994 WL 232397 (6th Cir. 1994) (unpublished) (adopting standard in Pioneer, 113 S.Ct. 1489; see also Belfance v. Black River Petroleum (In re Hess), 209 B.R. 76 (6th Cir. 1997).   The determination

> is at bottom an equitable one, taking account of all relevant
> circumstances surrounding the party's omission. These include
> . . . the danger of prejudice to the [nonmoving party], the length
> of the delay and its potential impact on judicial proceedings, the
> reason for the delay, including whether it was within the reason-
> able control of the movant, and whether movant acted in good faith.

Duncan, 1994 WL 232397, * 3 (citing Pioneer, 113 S.Ct. at 1498) (other citation omitted).

Looking at these factors, there is no undue prejudice to Debtors, the nonmovants.   This matter will decide whether Creditor's lien survives bankruptcy.   Regardless of the outcome, Debtors' personal liability was extinguished with their February 2013 discharge.   Besides the typical prejudice that may occur, such as the additional expense and time that accompanies further

2

litigation, the most prejudicial factor is the continued accrual of interest on the lien. This does not weigh heavily against Creditor. Along similar lines, the court cannot find that the delay will have a deleterious impact. The amended motion to avoid the lien has already been pending for a year, and Creditor is not culpable. As stated before, the bankruptcy case is concluded but for this § 522 issue. These considerations tend in favor of Creditor.

The reason for the delay is more troubling. Counsel for Creditor states that it simply was not possible to meet the original fourteen day period because of time pressures. He contends that Creditor was unable to meet with him, and then discuss and weigh his options with his family, in the initial time period. Additionally, Counsel is caring for two seriously ill family members, his wife and aunt. The court is aware that the Bankruptcy Appellate Panel found excusable neglect on related facts concerning the care of an ill spouse. In <u>Schultz</u>, a solo practitioner also sought to extend the deadline to appeal after the deadline expired. 254 B.R. 149. Like Counsel here, the attorney in <u>Schultz</u> was also caring for his wife, who was undergoing chemotherapy for her second ovarian cancer diagnosis. Although the record is more fully developed in <u>Schultz</u>, the court recognizes that no one opposed the relief sought here, obviating an evidentiary hearing.

The problem for the court is that these explanations still fail to explain why Creditor did not file the motion in the fourteen day period. With knowledge of the time pressures he faced, the court cannot understand why a motion to extend was not his first inclination, especially in light of the short time periods applicable to appeals. This was not a case where an outside factor hampered Creditor's ability to file for an extension. Movant was in full control of filing a motion from the time the court entered its decision. Conversely, nothing suggests that the present motion is filed in bad faith, such as with an intent to hinder or delay Debtors.

<u>**CONCLUSION**</u>

After weighing the considerations above, the court finds that Creditor has demonstrated that his neglect should be excused. Debtors will not be unduly prejudiced and no significant harm will arise from the delay. While the delay was in the control of the movant, the illnesses in his family were not. In spite of the court's concerns about his decision to not file for an extension sooner, the delay does not rise to bad faith on Counsel's part, nor are there other indicators that good faith is lacking. A separate order will be entered immediately granting Creditor's motion.

#     #     #

**Service List:**

L Bryan Carr
1392 SOM Center Rd.
Mayfield Hts., OH 44124

John C O'Donnell, III
10 W Newlon Place
Mansfield, OH 44902

3

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

4